CITY OF AKRON *v.* BUDIANI.*

(No. 76 CRB 03415—Decided June 25, 1976.)

Akron Municipal Court.

*Mr. James L. Bickett,* for plaintiff.
*Mr. Richard Sternberg,* for defendant.

GEORGE, J. Trial was had on June 21, 1976. The court at the request of both counsel for the city and counsel for the defendant viewed three samples of each of the 16 items confiscated from the defendant by the Akron Fire Department as fireworks; the court has reviewed briefs of counsel and the authorities cited.

---

*Judgment affirmed by Court of Appeals on December 30, 1976. (52 Ohio App. 2d 116.)

On May 24, 1976 the defendant, Deno J. Budiani, was charged with violating Akron City Code Section 1672.01 by complaint as follows:

"Lt. H. Park being duly sworn, says that Deno J. Budiani at the City of Akron, Summit County, Ohio on the 24th day of May, 1976, DID store or sell fireworks at wholesale which is hereby prohibited, except by permit from the Director of Public Safety, issued for a period of one year."

The Akron City Code, under Section 1672.01, entitled "Storage or Sale at Wholesale; Permit," reads:

"The storage or sale of fireworks at wholesale is hereby prohibited, except by permit from the Director of Public Safety, issued for a period of one year. Application for such a permit must be filed with the Fire Chief at least thirty days prior to the issuance of the permit and must give a detailed description of the proposed care and storage of such materials and of the structural conditions and occupancies of the building."

Further Chapter 1672 indicates a cross-reference to Section 672.12 of the Akron City Code. Section 672.12, entitled "Sale of Fireworks," provides in the second paragraph as follows:

"The term 'fireworks' means any combustible or explosive compositions, or any substance or combination of substance or article prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation, but shall not mean or include toy pistols, toy canes, toy guns or other devices in which paper or plastic caps containing twenty-five hundredths grains or less of explosive compounds are used, provided they are so constructed that the hand cannot come in contact with the cap when in place for the explosion, and toy pistol paper or plastic caps which contain less than twenty hundreths grain of explosive mixture."

The question foremost in the mind of the prosecution and in the mind of the defense with regard to the instant charge is whether or not 16 items, stored by the defendant Deno J Budiani for wholesale, are "fireworks." Should the items be defined as fireworks, then in that event, the defend-

ant is guilty of violating Section 1672.01 of the Akron City Code by not being licensed therefor. Should such items not be defined as "fireworks" then, in that event, the defendant is not guilty.

Another question raised by the defense is whether or not the state has preempted the field of fireworks, by the enactment of Chapter 3743 of the Ohio Revised Code. That Chapter is captioned "Explosives; Fire Prevention" and therein is Section 3743.27 which provides a definition of the term "fireworks." The court notes that the definition of fireworks under R. C. 3743.27(A), along with the exception set forth in R. C. 3743.32, is the same as that set forth under Section 672.12 of the Akron City Code.

The court finds that under Section 1 of the Akron City Charter, the city:

"May license and regulate persons, corporations and associations engaged in any business, occupation, profession or trade; may define, prohibit, abate, suppress and prevent all things detrimental to the health, morals, comfort, safety, convenience and welfare of the inhabitants of the City, and all nuisances and causes thereof;

"* * *

"And may make and enforce local police, sanitary and other regulations * * *."

Such power is vested in municipalities by reason of Section 3 of Article XVIII of the Constitution of the state of Ohio which provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The city of Akron in the instant case has enacted Chapter 1672, Akron City Code, as well as Section 672.12, dealing with fireworks. The field of fireworks has not been preempted by reason of the state's passage of R. C. Chapter 3743. The validity of a local police regulation as is under consideration by this court, depends upon the existence or non-existence of a conflict with the general laws of the state. *Columbus* v. *Glascock* (1962), 117 Ohio App. 63;

*Akron* v. *Criner* (1960), 112 Ohio App. 191; *Akron* v. *Williams* (1960), 113 Ohio App. 293.

The court finds that the Akron City Code Section 672.12, which defines fireworks and which is applicable to Section 1672.01 of the Akron City Code, is not in conflict with R. C. Chapter 3743 and, therefore, is constitutional.

Finally, the court has determined that the following items are fireworks within the meaning of Section 672.12 of the Akron City Code, and therefore are subject to the licensing requirement of Section 1672.01 of the Akron City Code.

Item No. 1: Flying Disc

Item No. 2: Ground Bloom Flower

Item No. 3: BiCentennial Smoke Cartridge

Item No. 4: Assorted Smoke Balls

Item No. 5: Item No. 3965 Pary Poppers

Item No. 6: Item R32 Bottle Rocket

Item No. 7: Witch Whistle

Item No. 8: Boxed Snakes

Item No. 9: Acme Smoke

Item No. 11: Burglar Alarms

Item No. 12: Black Jack

Item No. 13: T260 Smoke Cartridges

Item No. 14: Dancing Butterflys

Item No. 15: M-80 Smoke

Item No. 16: Auto Bombs

The court notes that Item No. 10 is a fake firecracker and it does not have any combustible or explosive compositions, or any substance or combination of substances or article prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation.

Therefore, the court finds that Deno J. Budiani is guilty of violating Section 1672.01 by storage or selling of fireworks without a permit from the Director of Public Safety.

*Defendant guilty.*