THE CITY OF AKRON, APPELLEE, *v.* BUDIANI, APPELLANT.

(No. 8212—Decided December 30, 1976.)

*Mr. James L. Bickett,* prosecuting attorney, for appellee.

*Mr. Richard Sternberg,* for appellant.

HARVEY, J. On May 24, 1976, defendant was charged with storing and selling fireworks at wholesale without a permit, a violation of Section 1672.01 of the Akron City Code. A trial was held and the defendant was convicted. (See 52 Ohio Misc. 22.) Defendant appeals and sets forth two assignments of error.

There is no transcript of proceedings, but the parties stipulated that defendant had no permit to store and keep fireworks. It is also stipulated that defendant engaged in the sale of fireworks at wholesale throughout northeastern Ohio and stored fireworks for that purpose.

*Assignment of Error No. 1*

"The trial court erred in finding that Section 1672.01

of the Akron City Code is constitutional and, therefore, constituted the proper basis for the complaint to which the defendant was found guilty."

Under Section 3, Article XVIII, the so-called "Home Rule Amendment" of the Ohio Constitution, a city has the right to adopt and enforce police regulations, "as are not in conflict with general laws."

R. C. 3743.01 to 3743.26, inclusive, sets forth what must be done by one who is in the business of selling explosives at wholesale. The state, however, recognizes the right of the city to protect itself. R. C. 3743.18 states:

"Sections 3743.01 to 3743.26, inclusive, of the Revised Code * * * shall not modify, or limit the powers of municipal corporations to make ordinances, rules, or regulations not less restrictive than sections 3743.01 to 3743.26, inclusive, of the Revised Code, governing the manufacture, storage, sale, use, or transportation of explosives within their respective corporate limits."

Chapter 1672 of the Codified Ordinance of Akron, in turn, covers the regulation of pyrotechnics within the city of Akron. Section 1672.01 covers the storage and sale of fireworks at wholesale wherein a permit is required. Section 1672.02 covers inspection. Section 1672.03 covers violations and provides:

"The firechief may at his discretion, remove or have removed, at the owner's expense, all stocks of fireworks or other combustibles exposed for sale or held in stock in violation of any of the provisions of this chapter or of Ohio R. C. Chapter 3743."

Nothing in these ordinances gives the city any greater right to restrict the wholesale business of fireworks than that of the state. These ordinances set forth what one must do before he goes into the business of wholesaling fireworks in the city of Akron. They recognize the importance of the prevention of fire and other possible dangers. They clearly intend to follow the law of the state of Ohio and specifically require one to follow state law.

The purpose of the permit requirement of Section 1672.01 is to give the fire department an opportunity to

examine the business with reference to the health, safety, and general welfare of the community. This is clearly set forth by requiring the applicant to

"* * * give a detailed description of the proposed care and storage of such materials and of the structural condition and occupancies of the building."

It is quite manifest from this language that the chief of the fire department can require all applicants to comply with all conditions set forth by the state in R. C. Chapter 3743 before a license is issued. The ordinance means nothing more or less than that, and nothing in the language suggests a conflict with the general law.

Defendant's first assignment of error is, accordingly, rejected.

### Assignment of Error No. 2

"The trial court erred in finding the defendant guilty of violating Section 1672.01 of the Akron City Code, a patently unconstitutional ordinance."

The right to engage in a legitimate business receives recognition as a portion of the individual freedoms secured by the due process provisions of the United States and Ohio Constitutions. However, this does not close the door to all legislative control over the exercise of that right. A city's police power, regarding the protection of public health, morals and welfare, includes the right to regulate by requiring a license as a prerequisite to carrying on certain activities and businesses. 51 American Jurisprudence 2d 19, Licenses and Permits, Section 14. It is obvious that these ordinances fall into this category. See, *Auxter* v. *Toledo* (1962), 173 Ohio St. 444.

The defendant, however, claims there are no standards or guidelines governing the discretion of the fire chief, in these ordinances, and they thereby violate due process of law.

In avoiding an attack on an ordinance based on the alleged failure of that ordinance to set forth adequate guidelines or standards for the exercise of discretion, courts will, in some situations, interpret the ordinance, which in terms merely declares that a certain thing shall

not be done without a license issued by a particular officer, as meaning that the officer is to grant the license, unless, in his honest judgment, reasonably exercised, the grant would put the public's interest in jeopardy. Certain situations require resting this discretion in municipal officials. Such a situation exists where it is difficult or impracticable to lay down a definite, comprehensive rule for guidance that will be applicable in all cases or when the discretion relates to matters within police regulation, and is necessary to protect the public health, safety, morals, and general welfare. *State, ex rel. Altop,* v. *Billings* (1927), 79 Mont. 25, 255 P. 11.

Further, the fact that a legislature, delegates such discretionary power as regards the licensing of activities within the police power, and fails to include expressed bounds of discretion, does not necessarily invalidate this delegation since it may be interpreted as the granting of the power to exercise reasonable discretion. *State, ex rel. Altop,* v. *Billings, supra.*

Defendant's second assignment of error is, therefore, rejected.

In summary, we hold the ordinance is a constitutional exercise of the police power of the city.

*Judgment affirmed.*

VICTOR, P. J., and DOYLE, J., concur.

DOYLE, J., retired, and HARVEY, J., retired from the Court of Common Pleas of Summit County, assigned to active duty under authority of Section 6(C), Article IV, Constitution.