SCHRADER ET AL., APPELLEES, *v.* HUFF, APPELLANT.

(No. 10964—Decided June 29, 1983.)

*Mr. Lynn C. Slaby,* prosecuting attorney, for appellees.

*Mr. Lawrence J. Cook,* for appellant.

GEORGE, J. The defendant, W. D. Huff, Jr., appeals from the trial court's judgment of contempt. This court affirms.

Huff operated a wholesale fireworks business. On June 25, 1982, the plaintiffs filed a civil complaint against Huff alleging that he was operating his business in violation of the Springfield Township zoning resolution. The parties agreed to a consent judgment which was approved and filed on June 25, 1982. It read in part:

"* * * By agreement of the plaintiffs and the defendant, a permit will be issued pursuant to Section 33.1 of Summit County Council Ordinance No. 82-207 to sell fireworks by the Fire Chief of Springfield Township provided that the defendant:

"* * *

"* * * complies with all of the requirements of Summit County Council Ordinance No. 82-207 relating to the sale of fireworks to the extent that such ordinance is not in conflict with any provisions of the Ohio Revised Code Sections 3743.27 through 3743.99, inclusive."

On June 30, 1982, the plaintiffs filed a motion to show cause, seeking an order of contempt against Huff. The plaintiffs alleged that Huff had violated the June 25, 1982 consent judgment. The trial court found that Huff was in contempt. Huff appeals from the judgment of contempt.

### Assignment of Error I

"The trial court erred in that the defendant was denied due process of law."

Huff argues that he was denied due process of law because the prosecutor sought a civil contempt action against him instead of charging him with a violation of a criminal statute. This argument raised the possibility that Huff could be denied certain due process rights that are afforded to an individual facing criminal charges.

R.C. 2705.02 specifically authorizes a contempt action for a violation of a court order, stating in part:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer; * * *"

This case was properly construed as a violation of a court order. To determine if the constitutional safeguards required in criminal trials were also required to be afforded in this contempt proceeding, there must be a determination as to whether this was a civil or a criminal contempt. If the contempt is determined to be a civil contempt proceeding, Huff is entitled only to those rights afforded one in a civil action. However, if the contempt is determined to be a criminal contempt proceeding, Huff is then entitled to those rights and constitutional privileges afforded one in a criminal action.

To make this determination, the sanctions imposed on Huff must be analyzed. Huff was fined $500 and sentenced to serve ten days in jail. The jail term was suspended on the condition that Huff obey all laws for one year.

In *Brown* v. *Executive 200, Inc.* (1980), 64 Ohio St. 2d 250, 253-254 [18 O.O.3d 446], the Ohio Supreme Court stated:

"While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. * * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket, * * * since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates

not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. * * * Therefore, to determine if the sanctions in the instant cause were criminal or civil in nature, it is necessary to determine the purpose behind each sanction: was it to coerce the appellees to obey the consent judgment decree, or was it to punish them for past violations?"

In this case, the sanctions imposed do not reflect a coercive purpose. There is no specific condition which Huff could satisfy in order to avoid the punishment imposed.

While the trial court did suspend the jail term on the condition that Huff obey all laws for one year, such a condition is deemed to be general. The condition was not for the specific purpose of forcing compliance with the consent judgment. The character of the sanctions imposed is one of punishment for the completed act of Huff's disobedience to the consent judgment. A punishment for a past failure to obey a court order can only be categorized as criminal in nature. Therefore, the contempt proceeding in the instant case must be construed as criminal contempt.

The record in the instant case does not demonstrate the denial of any substantial rights or constitutional privileges to Huff. Further, it is clear that Huff was found guilty of contempt beyond a reasonable doubt. This court cannot find where Huff was deprived of any due process rights. Accordingly, the first assignment of error is without merit.

### Assignment of Error II

"The Summit County Ordinance 82-207 is unconstitutional in that it is in conflict with the state law covering the same subject matter."

R.C. 3743.32 is designed to prohibit the retail sale and use of fireworks. R.C. 3743.33 authorizes the chief of the fire department or sheriff to permit the sale and use of fireworks for limited purposes. R.C. 3743.33 states:

"Upon written permission secured from the fire chief of a municipal corporation, or from a sheriff, fireworks may be sold and used for public or private exhibitions of fireworks in connection with fairs, carnivals, or other celebrations. * * *"

This section delegates to local executive officers or administrative boards reasonable discretionary power to license this activity. The delegation of discretionary authority by the legislature has been found to be valid. *Akron* v. *Budiani* (1976), 52 Ohio App. 2d 116 [6 O.O.3d 89].

Summit County Ordinance No. 82-207 imposes certain requirements on sellers of fireworks. In order to prevent the retail sale of fireworks, Ordinance No. 82-207, Section 34.1, requires that:

"No person shall sell fireworks to any buyer who has not first obtained written permission to sell or use such fireworks pursuant to Section 3743.33 of the Ohio Revised Code. The person who sells fireworks shall retain a copy of said buyer's written permission * * *."

Paragraph two of the syllabus in *Struthers* v. *Sokol* (1923), 108 Ohio St. 263, states:

"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."

The Summit County ordinance does not conflict with R.C. 3743.33; rather, this ordinance, by imposing the additional requirement that sales can be made only to those purchasers who have obtained permits to buy fireworks, is reasonably related to the objectives of the state statute.

Since there is no conflict between the statute and the county ordinance, the second assignment of error is overruled.

### Assignment of Error III

"The Summit County Ordinance

82-207 is void for vagueness and is overbroad, arbitrary and capricious."

Huff relies on *Holloway* v. *Brown* (1980), 62 Ohio St. 2d 65 [16 O.O.3d 47], paragraph one of the syllabus, to argue that the Summit County ordinance is unconstitutional:

"An ordinance * * * is constitutional when the ordinance is narrowly drawn, does not vest municipal officials with the undefined power to determine what people will hear, is a reasonable means of achieving legitimate social interests, and is drafted clearly enough that men of ordinary intelligence can discern its meaning."

Summit County Ordinance No. 82-207 requires purchasers of fireworks to obtain a permit from the fire chief before being able to purchase fireworks. The seller is prohibited from selling fireworks to prospective buyers who have not obtained this permit. This ordinance is drafted clearly enough for men of ordinary intelligence to discern its meaning. Huff's failure to follow these requirements was due to his deliberate avoidance of the law. Therefore, this assignment of error is without merit and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and MAHONEY, JJ., concur.