ELIAS et al., Appellees,

v.

STEIN, a.k.a. Styne, d.b.a. U.S. Wallcovering, Inc., Appellant.

[Cite as *Elias v. Stein* (1997), 120 Ohio App.3d 432.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71770.

Decided July 7, 1997.

*George Penfield,* for appellees.

*Robert N. Stein,* for appellant.

*Per Curiam.*

This case came on for hearing upon the accelerated calendar of our court pursuant to App.R. 11.1 and Loc. R. 25, and the briefs of counsel.

Jerry Stein [1] appeals from a judgment of the Parma Municipal Court finding him in contempt for being one hour late to a pretrial conference and imposing a $250 fine and ordering him to reimburse one hour of his opponent's attorney fees.

The record here reveals that Robert Elias sued Stein, d.b.a. U.S. Wallcovering, Inc., for return of a deposit on carpeting that Stein had delivered but which Elias claimed constituted nonconforming goods. The court scheduled a pretrial conference at 1:45 p.m. on November 6, 1996, and in its notice stated:

"The court further advises that the parties and their respective counsel are required to appear at each pretrial conference. Failure of the defendant to appear could result in a default judgment for the plaintiff; failure of plaintiff to appear could result in an entry of dismissal of plaintiff's complaint for want of prosecution."

On the afternoon of the pretrial, the court, after stating that the appellant did not appear until 2:45 p.m. and that his tardiness interfered with the administration of justice, held him in contempt and imposed a $250 fine and further ordered payment of one hour of attorney fees.

Stein's attorney, his son Robert, testified after the court imposed sentence that his mother had undergone medical tests for chest pains that day, that his sister had attended a funeral, and that his father, the appellant, had been baby-sitting his niece, whom he brought to court at 2:45. Robert Stein then admitted his mistake for telling his father it was not crucial that he attend the pretrial.

On November 12, 1996, the court journalized its contempt finding, from which Stein now appeals and assigns the following error for our review:

"The trial court erred in holding appellant, Jerry Stein, in contempt of court and imposing a two hundred and fifty dollar fine and attorneys' fees for being one hour late for a pretrial."

In support of his position seeking reversal of his conviction, Stein urges that his conduct at best constitutes indirect contempt, and therefore the court erred in summarily imposing a criminal penalty and denied him procedural due process of law. We agree.

At the outset, we deem it laudable for trial judges to use any reasonable means to manage their dockets, including issuing orders that require litigants to attend pretrials when meaningful settlement negotiations can occur. However, the court must recognize and distinguish between the intentionally obstructive or elusive litigant, and the confused, ignorant, troubled, or burdened one.

---

1. While the complaint and other documents filed with the trial court and our court use "Styne," the record reveals that the correct spelling is "Stein."

■ We begin our analysis of this case by examining R.C. 2705.01, which authorizes a court to summarily punish, as *direct* contempt, "misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." Next, we note that R.C. 2705.02 defines actions which constitute *indirect* contempt of court, but is further conditioned by R.C. 2705.03, which states:

"In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel."

In *Cleveland v. Ramsey* (1988), 56 Ohio App.3d 108, 564 N.E.2d 1089, we previously held: "[A]rriving late to hearing or pretrial is indirect contempt."

Accordingly, prior to its adjudication for contempt in this case arising out of tardiness in arriving at a pretrial, the court should have complied with the provisions of R.C. 2705.03, filed a charge in writing with the clerk, and provided service and an opportunity to be heard before adjudicating the contempt.

■ In order to complete our analysis of this case, however, we further consider the nature of the contempt as being either civil or criminal.

As stated by this court in *In re Carroll* (1985), 28 Ohio App.3d 6, 28 OBR 15, 501 N.E.2d 1204:

"The distinction between civil and criminal contempt turns on the character and purpose of the sanction imposed. Either a fine or imprisonment, or both, may be imposed in civil or criminal contempt cases. In the civil context, however, the purpose of the sanction is coercive; that is, it is intended to force the contemnor to comply with the court's order. * * *

"A sanction for criminal contempt, by contrast, is a punishment for past refusal to obey a court order. *Schrader v. Huff* (1983), 8 Ohio App.3d 111 [8 OBR 146, 456 N.E.2d 587]. No coercive element is present. * * *"

Here, after summarily finding Stein in contempt, the court immediately imposed a $250 fine as punishment, affording him no opportunity to purge the contempt. Hence, the sanction imposed by the court characterizes this behavior as *indirect* criminal contempt, which requires proof beyond a reasonable doubt of all the essential elements of criminal contempt. We observe that intent is an essential element of indirect criminal contempt. See *In re Carroll, supra,* and *Cleveland v. Ramsey, supra.*

The record before us fails to demonstrate any evidence of Stein's intent to violate the court's pretrial order. Since the record contains insufficient evidence to support the contempt conviction, we conclude that the assignment of error is well taken.

Accordingly, the judgment of contempt is reversed, the fine and sanction are vacated, and final judgment is entered for appellant as to the contempt citation only. The matter is now remanded to the trial court for further proceedings on the underlying case.

*Judgment accordingly.*

DYKE, P.J., O'DONNELL and PATTON, JJ., concur.