Because I would conclude that the finding of contempt was not supported by the evidence, I respectfully dissent.
I would agree that R.C. 2151.42.1(G) immunity does not protect Mr. James in this instance. Mr. James' contempt citation is not based upon or the result of his reporting of suspected abuse. Instead, it is based upon his refusal to allow visitation as ordered by the trial court. As such, the conduct at issue herein is not protected by R.C. 2151.42.1(G) immunity. See State v.Thompson (1994), 97 Ohio App.3d 629, 633. Therefore, Mr. James was potentially liable for contempt.
Regarding the finding of criminal contempt, "it must be shown that the alleged contemnor intended to defy the court." (Emphasis added.) Midland Steel Prods. Co. v. U.A.W. Local 486 (1991),61 Ohio St.3d 121, 127. The power to punish for contempt of court "`has been uniformly held to be necessary to the protection of the court from insults and oppression while in the ordinary course of its duties.'" In re Davis (1991), 77 Ohio App.3d 257, 262, quoting Young v. United States ex rel. Vuitton et Fils, S.A.
(1987), 481 U.S. 787, 798, 95 L.Ed.2d 740, 752.
It is beyond dispute that Mr. James relied in good faith on the instructions of Mr. Palmer. Additionally, it is beyond dispute that Mr. James permitted visitation to resume immediately upon discovering that Mr. Palmer did not have the authority to order visitation to cease. Under these circumstances it can hardly be said that Mr. James acted in "defiance" of the trial court, or that his actions were "insulting" or "oppressive."
As noted by the Eight District Court of Appeals: "[T]he court must recognize and distinguish between the intentionally obstructive or elusive litigant, and the confused, ignorant, troubled, or burdened one." Elias v. Stein (1997), 120 Ohio App.3d 432,433. Mr. James was clearly the later. As such, I would reverse the finding of criminal contempt.