OPINION
{¶ 1} The state appeals from the dismissal of its indictment of Timothy J. Palmer for nonsupport of dependents, in violation of R.C. 2919.21(B), a felony of the fifth degree, on double jeopardy grounds.
 {¶ 2} On June 22, 2001, Timothy Palmer was held in contempt for failure to pay child support in State of Ohio, ex rel. TeriLongstreth v. Timothy J. Palmer, Case No. JC 00-252, in the Juvenile Division of the Montgomery County Court of Common Pleas. He was sentenced to ten days of incarceration, with the sentence suspended on the condition that he make his court-ordered child support payments as well as payments toward his arrearage. On February 28, 2002, the case again came before the magistrate on Palmer's failure to make child support payments. Palmer was ordered to serve one day of the previously suspended ten days of incarceration in the county jail. In addition, he was again held in contempt for failure to pay child support, and he was sentenced to thirty days of imprisonment, which was suspended with the same conditions. Palmer served the one day sentence, as required.
 {¶ 3} On January 9, 2003, Palmer was indicted for felony nonsupport of dependents, in violation of R.C. 2919.21(B), based on his failure to pay child support between August 30, 2000, and July 31, 2002. Palmer moved to dismiss the indictment on the ground that he had previously been held in contempt by the juvenile division of the common pleas court for failure to pay child support. Palmer argued that the February 28, 2002, order made no provision for purging the one day sentence and, thus, the contempt penalty was criminal, not civil, in nature. Palmer further argued that the criminal contempt was a lesser included offense of nonsupport of dependents. He contended that the felony indictment violated the constitutional prohibition against double jeopardy, because the "contempt of court proceeding dealt with the same dependant [sic] and covered a period of time which included the period of time for which the State [sought] to prosecute him." The court agreed and dismissed the indictment. The state appeals from that dismissal, raising one assignment of error:
 {¶ 4} "The Trial Court erred in dismissing the indictment on the grounds of double jeopardy."
 {¶ 5} Under the federal and state prohibitions against double jeopardy, a defendant may not be subjected to successive prosecutions for the same offense. United States v. Dixon
(1993), 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556; State v.Lovejoy, 79 Ohio St.3d 440, 443, 1997-Ohio-371, 683 N.E.2d 1112. "Double jeopardy may be applied in cases involving contempt charges, but only if the contempt penalty is criminal in nature, rather than civil." State v. Mobley, Montgomery App. No. 19176, 2002-Ohio-5535, ¶ 6; Dayton Women's Health Ctr. v. Enix (1991),68 Ohio App.3d 579, 591, 589 N.E.2d 121. In the present case, the state does not challenge the trial court's conclusion that a prior criminal contempt for failure to pay child support would bar a subsequent prosecution for felony nonsupport of dependents, in violation of R.C. 2919.21(B). Mobley, supra. In other words, the state apparently agrees that if the February 28, 2002, sentence of one day of incarceration constitutes a criminal penalty, the prosecution for felony nonsupport is barred by double jeopardy. Thus, the sole issue before us is whether Palmer's one day of incarceration was a criminal, rather than a civil, contempt penalty.
 {¶ 6} "To determine whether [a] proceeding involved criminal or civil contempt, we look at the character and purpose of the penalties imposed. Punishment for civil contempt is `remedial or coercive and for the benefit of the complainant.' Brown v.Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253. On the other hand, imprisonment for criminal contempt operates as `punishment for the completed act of disobedience, and to vindicate the authority of the law and the court.' Id. at 254. Civil contempt punishments are conditional in that the contemnor can avoid the punishment by doing what was ordered. Thus, the contemnor is coerced into complying with the court's order. However, criminal contempt sanctions are typically definite and unconditional, and the contemnor is punished for the punitive purposes of the court rather than for the benefit of the complainant. Id." Carter v.Carter (Nov. 23, 1994), Montgomery App. Nos. Nos. 14409, 14530, 14574; see Shapiro v. Shapiro (Nov. 18, 1994), Miami App. No. 94-CA-2.
 {¶ 7} The state indicates that the February 28, 2002, order required Palmer to serve one day of his previously suspended ten day sentence of incarceration. (In his motion to dismiss, Palmer likewise had indicated that he "was ordered to serve 1 day of the suspended sentence.") The state argues that the June 22, 2001, sentence for contempt was civil in nature, because it was designed to coerce Palmer to comply with the court's order of support. The state contends that Palmer had the ability to purge himself of the contempt and to avoid the sentence of incarceration by complying with the terms of the order. Thus, the state contends that the one day sentence was likewise a civil penalty.
 {¶ 8} In support of its assertions, the state cites to Statev. Birch, Summit Co. App. No. 20910, 2002-Ohio-3734, and Statev. Martin (Mar. 27, 2001), Holmes App. No. 00CA003. In Martin,
the defendant was held in contempt for failure to pay child support as previously ordered by the court, and he was sentenced to thirty days of incarceration. The incarceration was suspended on the condition that he comply with all support orders and pay for the costs of the action within sixty days. When the defendant failed to comply with the conditions, the court reinstated his sentence and ordered him to serve thirty days in the county jail. Four days later, the court released the defendant from jail on the condition that he again comply with all court and administrative orders and pay the costs of the action. The defendant continued to fail to pay child support as required. Eventually, he was indicted with and convicted of felony nonsupport of dependents. On appeal, he argued that his conviction violated the principles of double jeopardy, on the ground that his thirty day sentence (four days of which he served) was a criminal sanction. The court of appeals rejected that argument, reasoning: "Because the sanction in the matter sub judice was clearly designed to coerce appellant to comply with the trial court's order, and because appellant would only serve the suspended sentence if he failed to comply with the conditions set forth in the trial court's order, we find the contempt was civil in nature." Addressing analogous facts, the Birch court followed the reasoning in Martin and likewise held that a suspended sentence of incarceration that was subsequently imposed after the defendant failed to comply with the conditions of suspension was civil in nature and not criminal. Other courts of appeals have held similarly. See State v. Yacovella (Feb. 1, 1996), Cuyahoga App. No. 69487 (contempt was civil in nature when the defendant was incarcerated for 30 days after failing to comply with the conditions for suspension of that sentence);State v. Jones (June 19, 1995), Clermont App. No. CA94-11-094.
 {¶ 9} Palmer responds that his one day sentence was criminal rather than civil, because there was no provision by which he could avoid the incarceration. Palmer asserts that the second, thirty day contempt sentence sought to compel his compliance whereas the one day sentence of incarceration constituted punishment for his failure to comply with the trial court's order of repayment. Palmer argues that we should not follow Birch andMartin, because this case is governed by our prior decision inMobley.
 {¶ 10} We disagree with Palmer that the present circumstance is governed by Mobley. In that case, the magistrate found Mobley in contempt of court and sentenced him to 30 days in jail after finding that he had not voluntarily paid "one cent" in child support during the past year and that an arrearage of $12,138.73 existed. The magistrate's decision did not include any means for purging the contempt. Subsequently, Mobley was indicated on two counts of felony nonsupport of dependents. Mobley challenged the indictment, arguing that the prosecution was precluded under the Double Jeopardy Clause. The trial court agreed, and the state appealed. On appeal, the state agreed with Mobley that the contempt was criminal. It argued, however, that the elements of criminal contempt and felony nonsupport are different and, therefore, that double jeopardy did not apply. Thus, our sole concern in Mobley was whether the contempt and the felony charge had identical statutory elements or whether one was a lesser included offense of the other.
 {¶ 11} Palmer asserts that his situation is analogous to that in Mobley, arguing that, like Mobley's thirty day sentence, he was unable to purge the one day sentence of incarceration, thus rendering it criminal in nature. Viewed in isolation, there is no indication in the February 28, 2002, order that Palmer could have avoided the sentence or purged it during his incarceration. Thus, at first blush, Palmer's argument has some appeal. However, viewed in the larger context of the two contempt proceedings, we find Palmer's argument unpersuasive.
 {¶ 12} The ten day sentence of incarceration in the June 22, 2001, order was clearly in the nature of civil contempt. The sentence was suspended on the condition that Palmer pay $276.25 per month on his current support and $23.75 per month on his arrearage. This sentence was remedial in nature and was clearly intended to persuade Palmer to pay his current child support obligation and his arrearage. Palmer could have avoided incarceration by complying with the conditions of his suspension. Prior to imposing a sentence, the February 28, 2002, order specifically indicated that Palmer had failed to comply with those conditions. As acknowledged by Palmer in his motion to dismiss, the February 28, 2002, order merely required him to serve one day of that previously suspended sentence upon his noncompliance with the conditions of suspension. In our judgment, because the incarceration occurred as a result of his noncompliance with a civil contempt order, the incarceration was civil in nature. As aptly put by the Birch court: "The fact that the sentence came to be subsequently imposed was not so much a result of the court's action, as it was a result of [the defendant's] decision." 2002-Ohio-3734, ¶ 16. Palmer's decision not to pay the monthly support, i.e., his "decision not to purge the contempt[,] did not cause the sentence of the court to change from civil to criminal; it did not cause the sentence to become punitive." Id. Although Palmer could not purge the one day incarceration while in jail, he had held the keys to the jailhouse door and had previously decided not to use them. Accordingly, we agree with the reasoning set forth in Birch andMartin, and we conclude that the one day sentence of incarceration was civil in nature.
 {¶ 13} As stated above, the Double Jeopardy Clause only applies in the context of contempt if the contempt is criminal. In light of our conclusion that the one day sentence was a civil contempt penalty, double jeopardy cannot apply. Accordingly, we conclude that the trial court erred in dismissing the felony nonsupport of dependents indictment against Palmer on double jeopardy grounds.
 {¶ 14} The state's sole assignment of error is sustained.
 {¶ 15} The judgment will be reversed and remanded for further proceedings.
Fain, P.J. and Brogan, J., concur.