OPINION
{¶ 1} This appeal is brought by the State pursuant to R.C.2945.67(A) from an order dismissing on double jeopardy grounds an indictment against Defendant, Mark Montgomery, charging Felony Non-Support of Dependents. R.C. 2919.21(B).
{¶ 2} On September 10, 1996, the Juvenile Division of the Montgomery County Common Pleas Court adjudicated Defendant the biological father of Breanne Jordan Montgomery, and ordered Defendant to pay $325 per month child support for the child. Over the next six years, Defendant failed to pay the court ordered child support with any regularity, resulting in Defendant appearing before the court on several occasions pursuant to the State's motion to show cause, asking that Defendant be held in contempt.
{¶ 3} On February 2, 1998, after finding that Defendant had made only four child support payments since the child support order was filed on September 10, 1996, even though he was steadily employed, the Juvenile Court found Defendant in contempt of court and sentenced him to twenty days in jail and a two hundred dollar fine. The sentence was suspended on condition that Defendant pay $325 per month on the current child support order and $75 per month on the arrearage.
{¶ 4} On September 29, 1998, Defendant was again before the court pursuant to the State's motion to show cause. Defendant admitted that he continued to be in contempt, and the court found Defendant in contempt for failing to comply with the conditions of the suspension as ordered. The court sentenced Defendant to an additional forty days in jail, for a total of sixty days. This sentence was suspended on condition that Defendant pay child support per the original $325 per month order, plus $75 per month on the arrears, plus $400 in medical expenses for the child.
{¶ 5} After holding a review hearing in the case, on December 30, 1998, the Juvenile Court ordered that the previously suspended sentence of sixty days in jail remain suspended pending further review.
{¶ 6} On April 29, 1999, the Juvenile Court ordered that the previously suspended sixty days in jail remain suspended on condition that Defendant pay arrears that accumulated since December 1998 in the amount of $657, by June 13, 1999, and keep current in his child support payments.
{¶ 7} On May 3, 2000, after reviewing the matter, the Juvenile Court found that Defendant had failed to comply with the conditions of the suspended sentence as ordered. The court ordered Defendant to serve ten days of the previously suspended sixty days as five consecutive weekends. Defendant served his ten days in jail. The remaining fifty days were suspended.
{¶ 8} On December 1, 2000, Defendant was once again before the Juvenile Court pursuant to a show cause order. The court ordered that the previously suspended sentence of fifty days remain suspended on condition that Defendant keep current in his child support payments of $325 per month and pay $100 per month on the arrears.
{¶ 9} On February 6, 2001, Defendant was again before the Juvenile Court on a motion to show cause. Defendant admitted not keeping current on the arrearage repayment as ordered by the court. The court found that Defendant had failed to comply with the conditions of the suspension as ordered. Defendant was ordered to serve six days of the previously suspended sentence of fifty days in jail. Defendant served these six days in jail. The court ordered that the remaining suspended sentence of forty-four days in jail remain suspended on condition that Defendant pay child support totaling $433.50 per month in a current and timely manner.
{¶ 10} After reviewing the matter, on May 6, 2002, the Juvenile Court ordered that the previously suspended sentence of forty-four days in jail remain suspended on condition that Defendant pay $300 on the arrears and remain current in his child support payments of at least $100 per week on the current order.
{¶ 11} Following a May 2, 2002 review hearing, the Juvenile Court ordered in an entry filed May 17, 2002 that the previously suspended sentence of forty-four days in jail remain suspended on condition that Defendant pay $150 toward the arrears on or before May 7, 2002, and pay $150 on the account on or before May 10, 2002, and pay $200 towards the current order for May 2002, and keep current in his child support payments totaling $408 per month.
{¶ 12} On December 11, 2002, Defendant was again before the Juvenile Court on a motion to show cause. Finding that no child support payments had been made since May 6, 2002, the court found Defendant in contempt for failure to comply with the conditions of the suspension as ordered. The court ordered Defendant to serve forty-four days in jail. The court also stated that upon Defendant's payment of $600 on the arrears, and after he served ten days in jail, the Defendant's attorney could file a motion for the court's consideration for Defendant's early release. Defendant paid the $600 and he served ten days in jail. The remaining thirty-four days were suspended by the court.
{¶ 13} On April 2, 2003, Defendant was indicted on three counts of felony non-support of dependents in violation of R.C.2919.21(B). Count One alleges a period of non-support between January 8, 1997 and January 7, 1999. Count Two alleges a period of non-support between January 8, 1999 and January 7, 2001. Count Three alleges a period of non-support between January 8, 2001 and January 7, 2003.
{¶ 14} On May 1, 2003, Defendant filed a motion to dismiss the indictment, claiming that further prosecution of him for non-support of his dependents was barred by the Double Jeopardy Clause because he was previously found guilty in juvenile court of criminal contempt for not paying his child support and was ordered to serve a period of jail time as punishment. The trial court agreed, and on July 11, 2003, filed a decision and judgment entry dismissing the indictment.
{¶ 15} The State has timely appealed to this court pursuant to R.C. 2945.67(A).
ASSIGNMENT OF ERROR
{¶ 16} "The trial court erred in dismissing the indictment on the grounds of double jeopardy."
{¶ 17} The Double Jeopardy Clause in the Fifth Amendment to the United States Constitution and Section 10, Article I, of the Ohio Constitution prohibits subjecting defendants to successive prosecutions for the same offense. State v. Lovejoy,79 Ohio St.3d 440, 443, 1997-Ohio-371; State v. Mobley (Oct. 11, 2002), Montgomery App. No. 19176. Double jeopardy protections apply in cases involving contempt charges, but only if the contempt is criminal in nature, rather than civil. Id.; Dayton Women'sHealth Ctr. v. Enix (1991), 68 Ohio App.3d 579, 591. Criminal contempt is a lesser included offense of felony non-support of dependents per R.C. 2919.21(B). Therefore, a prior criminal contempt finding for failure to pay child support bars, on double jeopardy grounds, a subsequent prosecution for felony non-support of dependents per R.C. 2919.21(B). Mobley, supra.
{¶ 18} There are two types of contempt, civil and criminal. Sanctions for criminal contempt are punitive in nature and unconditional. They are intended to punish the offender for past disobedience of a court order and vindicate the authority of the court. Civil contempt sanctions, on the other hand, are remedial and are intended to coerce the contemnor into complying with the court's order. In civil contempt the punishment is conditional and the contemnor has an opportunity to purge himself of the contempt and avoid the punishment by complying with the court's order. The contemnor carries the keys of his prison in his own pocket, because he can avoid or terminate the punishment if he agrees to do as ordered by the court. Brown v. Executive 200,Inc. (1980), 64 Ohio St.2d 250.
{¶ 19} The distinction between civil and criminal contempt was explained by this court in Shapiro v. Shapiro (November 18, 1994), Miami App. No. 94-CA-2:
{¶ 20} "The distinction between civil and criminal contempt turns on the character and purpose of the sanction imposed. Either a fine or imprisonment, or both, may be imposed in civil or criminal contempt cases. In the civil context, however, the purpose of the sanction is coercive: that is, it is intended to force the contemnor to comply with the court's order. Compliance, in turn, redounds to the benefit of the civil complainant. SeeBrown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250
[18 O.O.3d 446]. A sanction for civil contempt must allow the contemnor to purge himself of the contempt. Tucker v. Tucker
(1983), 10 Ohio App.3d 251. Once the contemnor chooses to comply with the court's order, the purpose of the sanction is achieved and the sanction is discontinued.
{¶ 21} "A sanction for criminal contempt, by contrast, is a punishment for past refusal to obey a court order. Schrader v.Huff (1983), 8 Ohio App.3d 111. No coercive element is present. `Sentences for criminal contempt are punitive in nature and are designed to vindicate the authority of the court.' State v.Kilbane (1980), 61 Ohio St.2d 201, 205 [15 O.O.3d 221]."
{¶ 22} During a six year period following entry of the child support order in this case, from 1997 through 2002, the same period covered by the criminal indictment, Defendant was found in contempt on many occasions for failing to comply with the court's order to pay child support. The State argues that all of these contempt proceedings were civil in nature and therefore double jeopardy does not bar Defendant's subsequent prosecution for felony non-support of his dependents during this six year period. We agree. Recently this court decided the very question involved in this appeal. State v. Palmer (Feb. 20, 2004), Montgomery App. No. 19921. In that case we held that the service of a previously suspended sentence upon the defendant's noncompliance with the conditions of the suspension does not change the nature of the original contempt from civil to criminal for double jeopardy purposes. Accordingly, the appellant's assignment of error must be sustained and the judgment of the trial court reversed. This cause is remanded for further proceedings consistent with the opinion.
Wolff, J., concurs.
Grady, J., dissents.