OPINION
{¶ 1} On March 1, 2005, appellant, Kenneth Tomblin, filed a notice of appeal from the January 28, 2005 judgment of the Lake County Court of Common Pleas, Juvenile Division, premised upon the trial court's denial of his motion to dismiss the four count criminal non-support complaint. The criminal complaint followed a sequence of events in which appellant was held in contempt for his failure to comply with the court's support order.
 {¶ 2} This case began with a complaint to establish paternity and order of child support filed on June 29, 1992. Paternity was established and appellant was ordered to pay child support on November 25, 1992. Appellant ultimately failed to pay the required support.
 {¶ 3} On May 16, 2000, the state filed a "motion to show cause why appellant should not be held in contempt of court" for failing to pay child support. On October 26, 2000 the trial court held a hearing on the state's motion and, on November 16, 2000, the trial court filed its judgment entry finding appellant in contempt of court "for non-payment of the child support order and/or failure to report." The court ordered appellant to serve thirty days in the Lake County jail which was suspended on the condition appellant complied with the terms of a specified purge order. The purge order required appellant to make an itemized monthly payment on his arrearages as well as remain current on his pre-existing monthly support payments. The November 16, 2000 order further provided "that the Child Support Enforcement Division shall notify the Court by affidavit if the contempt is not purged so that an imposition hearing may be set."
 {¶ 4} Appellant failed to comply with the foregoing order and, on January 3, 2002, a hearing was held on the state's "motion to impose sentence." In its judgment entry, the trial court noted appellant "admit[ted] that he failed to comply with the terms of the Purge Order." Accordingly, the court ordered appellant to serve five days (of the original thirty) in the Lake County jail, with credit for one day served. The remaining twenty five days were suspended "based upon compliance with Court Orders which shall include the Defendant's attendance at the Parent Opportunity Program * * *."
 {¶ 5} Again, appellant failed to comply and, on December 2, 2002, a second hearing was held on the state's "motion to impose sentence." In its judgment entry, the court underscored appellant "knowingly and voluntarily admits that he failed to comply with the Court Order filed 1/3/02 and did not attend the Parent Opportunity Program." Accordingly, the trial court granted the state's motion and ordered appellant to serve the remaining twenty five days of his original sentence.
 {¶ 6} Once again, appellant failed to comply with the pre-existing orders. As appellant had served the entirety of his original thirty day suspended sentence, the state filed a second "motion to show cause why appellant should not be held in contempt of court" on March 25, 2004. On June 21, 2004, the state withdrew the motion and, the same day, filed a four count criminal nonsupport complaint against appellant pursuant to R.C.2919.21(A)(2) and (B). On December 20, 2004, appellant filed his motion to dismiss the first three counts of the complaint contending the prosecution violated his right to be free from double jeopardy. On January 28, 2005, the trial court denied appellant's motion to dismiss.
 {¶ 7} On February 3, 2005, appellant pleaded no contest to counts one and two of the complaint and the remaining counts were dismissed. Appellant was subsequently sentenced to 180 days in the Lake County jail on each count to be served concurrently with 120 days suspended based upon appellant's compliance with previous support orders. The sentence was stayed pending the instant appeal.
 {¶ 8} Appellant assigns one error for our review:
 {¶ 9} "The Double Jeopardy provisions of the U.S. and Ohio Constitutions prohibit an accused from being sentenced twice for violations of contempt of court concerning a failure to pay child support and a violation of R.C. 2929.21."
 {¶ 10} Pursuant to the federal and state prohibitions against double jeopardy, a party may not be subjected to successive prosecutions for the same offense or have successive criminal punishments imposed for the same act or transaction. Blockburgerv. United States (1932), 284 U.S. 299. If a contempt proceeding is characterized as criminal in nature, jeopardy attaches and bars successive prosecutions or punishments. Dayton Women'sHealth Ctr. v. Enix (1991), 68 Ohio App.3d 579, 591. To determine whether a contempt proceeding is civil or criminal, Ohio courts examine the purpose(s) served by the sanction imposed. State ex rel. Corn v. Russo, 90 Ohio St.3d 551, 554, 2001-Ohio-15.
 {¶ 11} "Sanctions for criminal contempt are punitive in nature and unconditional. They are intended to punish the offender for past disobedience of a court order and vindicate the authority of the court." State v. Montgomery, 2d Dist. No. 20036, 2004-Ohio-1099, at ¶ 18. Alternatively,
 {¶ 12} "[c]ivil contempt sanctions * * * are remedial and are intended to coerce the contemnor into complying with the court's order. In civil contempt the punishment is conditional and the contemnor has an opportunity to purge himself of the contempt and avoid the punishment by complying with the court's order. The contemnor carries the keys of his prison in his own pocket, because he can avoid or terminate the punishment if he agrees to do as ordered by the court." Montgomery, supra, citing, Brownv. Executive 200, Inc. (1980), 64 Ohio St.2d 250.
 {¶ 13} In the matter sub judice, appellant contends he was subjected to three criminal contempt prosecutions for the same acts which gave rise to counts one, two, and three in the state's complaint. Moreover, appellant points out that the December 2, 2002 order made no provision for purging the twenty-five day sentence and, thus, the contempt penalty was criminal, not civil. Accordingly, appellant maintains the prosecution of the charges and his subsequent sentence violated the double jeopardy clause because he had previously served jail time on the charges. We disagree.
 {¶ 14} Appellant asserts he was held in contempt on three separate occasions (November 16, 2000, January 3, 2002, and December 2, 2002). In fact, appellant was held in contempt only once, on November 16, 2000. The January 3, 2002 and December 2, 2002 orders were a result of the state's motions to impose sentence from the original November 16, 2000 contempt finding. In total, the state moved the trial court to impose its original sentence twice (on January 3, 2002 and December 2, 2002) and did so only after it possessed evidence of appellant's failure to abide by the order. As such, appellant was held in contempt of court only once and the resulting thirty (total) days he served in jail was a product of this single contempt proceeding. With that in mind, we must now determine whether the sanction imposed by the November 16, 2000 order was criminal or civil in character.
 {¶ 15} The original November 16, 2000 order included a curative provision affording appellant the option of compliance in lieu of jail. The deliberate inclusion of the purge order demonstrates the sanction was not punitive in nature and therefore not criminal. Rather, the sanction set forth in the trial court's November 16, 2000 order of contempt was remedial in nature and designed to persuade or coerce appellant's compliance with the support order. Accordingly, we hold the November 16, 2000 contempt order was civil in nature.
 {¶ 16} We believe the instant matter analogous to the Second Appellate District's case in State v. Palmer, 2d Dist. No. 19921, 2004-Ohio-779. In that case, Palmer was held in contempt for failure to pay child support. He was sentenced to ten days in jail with the sentence suspended on the condition that he fulfill his ordered support obligations and pay toward his arrearages. Approximately eight months later, Palmer was again before the court for failure to make child support payments. Palmer was ordered to serve one day of the previously suspended ten days of incarceration. Palmer was again held in contempt for failure to pay and sentenced to thirty days of imprisonment which was suspended with the same conditions. Palmer served the one day sentence as required. However, Palmer was ultimately indicted for felony nonsupport of dependents based upon his failure to pay child support. The indictment was based upon the acts which led to the prior contempt proceedings and their subsequent orders.
 {¶ 17} Palmer moved to dismiss the indictment on the ground that he had previously been held in contempt by the trial court for failure to pay child support. Palmer maintained that the second order made no provision for purging the one day sentence and therefore the contempt penalty was criminal, not civil. Palmer also argued that criminal contempt was a lesser included offense of nonsupport of dependents. Thus, he concluded the indictment violated the Double Jeopardy Clause of the constitution because the contempt proceeding addressed the same dependent and covered the same timeframe as that the state sought to prosecute. The trial court agreed and dismissed the indictment.
 {¶ 18} The state appealed, arguing the indictment did not violate double jeopardy because the previous contempt proceedings were civil in nature designed to coerce Palmer to comply with the court's order of support. The Second Appellate District agreed, stating:
 {¶ 19} "[b]ecause the incarceration occurred as a result of [Palmer's] noncompliance with a civil contempt order, the incarceration was civil in nature. As aptly put [in State v.]Birch [9th Dis. No. 20910, 2002-Ohio-3734]: `The fact that the sentence came to be subsequently imposed was not so much a result of the court's action, as it was a result of [the defendant's] decision.' [Id. at] ¶ 16. Palmer's decision not to pay the monthly support, i.e., his `decision not to purge the contempt[,] did not cause the sentence of the court to change from civil to criminal; it did not cause the sentence to become punitive. Id. Although Palmer could not purge the one day incarceration while in jail, he had held the keys to the jailhouse door and had previously decided not to use them." Palmer, at ¶ 12.[1]
 {¶ 20} In our view, appellant's incarceration, like that of Palmer's, occurred as a result of his non-compliance with a civil contempt order. The incarceration was not punishment designed to vindicate the court's authority, but was a function of appellant's decision not to comply with the conditions of suspension set forth in the November 16, 2000 order. Appellant had the option to avoid incarceration by complying with the conditions of the suspended sentence, appellant admittedly failed to do so. While the December 2, 2002 order did not provide a means for appellant to purge himself of the imposed jail time, appellant could have nevertheless avoided incarceration through compliance.
 {¶ 21} As stated at the outset, the Double Jeopardy Clause is only applicable to those contempt proceedings which are criminal in nature. Because appellant served jail time as a result of a compulsory civil order, jeopardy did not attach. Therefore, we hold the trial court did not err in denying appellant's motion to dismiss the state's complaint on double jeopardy grounds. Appellant's assignment of error is without merit and thus the judgment of the Lake County Court of Common Pleas is hereby affirmed.
William M. O'Neill, J., Diane V. Grendell, J., concur.
[1] Other courts have decided this issue in a similar manner, see, State v. Montgomery, 2d Dist. No. 20036, 2004-Ohio-1699;Birch, supra; State v. Martin, 5th Dist. No. 00CA003, 2001 Ohio App. LEXIS 1438; State v. Owens, 9th Dist. No. 21860, 2004-Ohio-4970.