[Cite as *State v. Wright*, 2014-Ohio-775.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NOS. 12 MA 143 |
| | ) | 12 MA 144 |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| LAMONT WRIGHT | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeals from the Youngstown
Municipal Court of Mahoning County,
Ohio
Case Nos. 10CRB1172; 12CRB599

JUDGMENT: 12 MA 143: Reversed; Sentence
Vacated; Charge Dismissed.

12 MA 144: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Dana Lantz
Youngstown City Prosecutor
Atty. Kathleen Thompson
Assistant City Prosecutor
26 S. Phelps Street
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Katherine Rudzik
26 Market St., Suite 904
Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: February 28, 2014

WAITE, J.

{¶1} This matter involves the consolidated appeal of two criminal cases. In Appeal No. 12 MA 143, Appellant Lamont Wright appeals his contempt conviction in Youngstown Municipal Court ("Muni. Court"). The contempt charge arose from an alleged violation of the terms of probation in his sentence for menacing. Part of his sentence included the requirement to register for electronically monitored house arrest ("EMHA") at the Community Corrections Association ("CCA"), and to complete 30 days of day-reporting jail time. Appellant argues on appeal that there was no proof that he intended to defy the court when he failed to register for EMHA on November 2, 2010, because he was already on EMHA from an earlier case. Appellant also contends that he completed his day-reporting requirements, and that the state provided no evidence to the contrary. Appellant is correct that the state was required to prove beyond a reasonable doubt that he was in contempt of prior court orders, and that the record does not support the conviction. The judgment of the trial court is reversed and the contempt citation dismissed. Appellant also filed Appeal No. 12 MA 144, but has not addressed this appeal in any way. Hence, he has abandoned the prosecution of this appeal. As a result, we affirm the conviction and sentence in that case.

History of the Cases on Appeal

{¶2} These consolidated appeals involve two separate proceedings in municipal court and two separate appeals. The first appeal is Appeal No. 12 MA 143. The following facts are relevant to this appeal. On November 2, 2010, in Muni. Court Case No. 10CRB1172, Appellant was convicted of one count of menacing, R.C.

2903.22(A), a fourth degree misdemeanor. He was sentenced to 30 days in jail, which was suspended in lieu of 30 days of day-reporting through a program available at the Mahoning County Sheriff's Department. The judgment entry does not state when the day-reporting was to be fulfilled, or how much time Appellant had to complete the day-reporting requirements. Appellant was also required to register for EMHA at CCA as a condition of his ongoing bail bond.

{¶3} On December 13, 2010, the probation department of Muni. Court notified the trial court that Appellant had not registered for EMHA and had not served any days of day-reporting jail time. A capias order was issued for Appellant's arrest on December 14, 2010. The capias was served on March 26, 2012, apparently in conjunction with Appellant's arrest on new charges, and the probation department immediately filed a notification of possible contempt of court.

{¶4} On April 9, 2012, the court conducted an arraignment and probable cause hearing on the contempt charge. Appellant was not represented by counsel at the hearing, and did not stipulate to probable cause. The court, after reviewing the record, determined that there was probable cause for contempt because Appellant had not completed any day-reporting and had not registered for EMHA. The court appointed counsel and set a show cause hearing for May 21, 2012. At the show cause hearing, Appellant's counsel asked for the hearing to be continued so that witnesses could be secured in his defense. (5/21/12 Tr., p. 3.) The court denied the continuance and asked counsel to show cause why his client should not be held in contempt.

**{¶5}** The state's evidence consisted of the court file. Appellant stated that he was already on house arrest when he was ordered on November 2, 2010, to report to CCA to register for EMHA. Appellant testified that he could not register for EMHA on November 2nd because he was already on EMHA at the time. The court did not accept this argument and found him guilty of contempt. The court sentenced him to 30 days in jail. Appellant's counsel then objected that the state presented no evidence, that counsel was never put on notice of the evidence the court relied on to find him in contempt, and that an additional hearing was required so that he could rebut whatever evidence the court was referencing from the file. The court decided to stay the sentence and allow Appellant to present further evidence on July 31, 2012. The conviction and sentence announced from the bench on May 21, 2012, were not journalized or set forth in a judgment entry.

**{¶6}** The hearing on July 31, 2012 was intended to be another show cause hearing. The record indicates that the witnesses were never identified or sworn in. The witnesses are referred to as "unidentified speaker." Two witnesses were supposedly subpoenaed for the hearing (Jessica Brown from CCA, and someone identified as Deputy Oliver), but it is not clear from the record if any of the transcript testimony includes these witnesses. There are statements in the record indicating that Appellant was on EMHA from a prior case, Muni. Court Case No. 08TRD2562, on November 2, 2010, which was the date that he was sentenced in Case No. 10CRB1172. Another speaker stated that there was no record of Case No. 10CRB172:

UNIDENTIFIED SPEAKER: We don't have any record for that case except for the current case file which started back on April of 2012.

THE COURT: You don't have records for back in December, 2010?

UNIDENTIFIED SPEAKER: No, we do not, Your Honor.

(7/31/12 Tr., p. 7.)

{¶7} Another unidentified speaker noted that Appellant had served all of the day-reporting requirements in Case. No. 10CRB1172. (7/31/12 Tr., p. 4.) Appellant's counsel argued that because all the day-reporting requirements had been fulfilled and the fines had been paid, and because Appellant had served all the terms of the original sentence, there was no basis for a contempt conviction. The court indicated that the fact that Appellant had now "caught up" with the terms of his sentence did not excuse his violations, and the court did not believe that Appellant was given two years to fulfill his day-reporting requirements. The court removed the stay of the contempt sentence and ordered Appellant to serve 30 days in jail forthwith. The notice of appeal was filed on August 10, 2012.

{¶8} The above matter was consolidated with Appeal No. 12 MA 144. This appeal arises out of a conviction for falsification and obstructing official business filed on July 31, 2012. Appellant filed an appeal of this judgment entry on August 10, 2012. We consolidated the two appeals on July 18, 2013. Appellant filed a single brief to be used in both appeals. Appellant has not filed any assignments of error relating to this second appeal. The issues are never addressed in any way. It appears that Appellant has abandoned the prosecution of Appeal No. 12 MA 144.

The conviction and sentence in that case are therefore affirmed. The only issues that remain before us concern Appeal No. 12 MA 143.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT LAMONT WRIGHT IN CONTEMPT WITHOUT AN EVIDENCIARY [sic] HEARING AS THE CONTEMPT WAS INDIRECT.

{¶9} Appellant argues that, in a proceeding for indirect criminal contempt of court, the state must prove beyond a reasonable doubt that the contemnor intended to defy the court, citing *Midland Steel Products Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121, 127, 573 N.E.2d 98 (1991). Appellant also argues that there was never a proper evidentiary hearing for his charge of indirect contempt of court, and that there is no record of the state presenting any evidence, much less evidence that meets the standard of beyond-a-reasonable-doubt. Appellant contends that the evidence actually shows that he was already on EMHA at the time he was ordered to register for house arrest. He argues that as he was already registered, he should not have been held in contempt for failing to register a second time. Appellant also argues that he fulfilled the terms of his day-reporting and there is no evidence to the contrary. Appellant's argument is correct. The state must prove the elements of the crime beyond a reasonable doubt. Since the state never actually presented any evidence in this contempt case, and because the record does not support the conviction, the contempt citation is dismissed.

**{¶10}** "The trial court may hold a party in contempt where that party fails to comply with a lawful judgment or court order." *Leasure v. Leasure*, 8th Dist. No. 72415, 1998 WL 108137, at *5 (March 12, 1998); R.C. 2705.02(A). Contempt proceedings are *sui generis*, having aspects of civil, criminal and equity proceedings, but not truly being equated with any of them. *Cincinnati v. Cincinnati Dist. Council 51*, 35 Ohio St.2d 197, 201–202, 299 N.E.2d 686 (1973). Contempt is typically classified as civil or criminal, based on the purpose of the sanctions imposed. *State v. Kilbane*, 61 Ohio St.2d 201, 205, 400 N.E.2d 386 (1980). If the sanctions are intended to coerce the contemnor to comply with lawful orders of the court, the contempt proceeding is civil. *Id.* at 204-205. On the other hand, if the punishment is punitive in nature and is designed to vindicate the court's authority, the contempt proceeding is criminal. *Id.* "[C]ivil contempts are characterized as violations against the party for whose benefit the order was made, whereas criminal contempts are most often described as offenses against the dignity or process of the court." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 555, 740 N.E.2d 265 (2001). This appeal involves criminal contempt, because a definite jail term was imposed with no opportunity to purge the contempt.

**{¶11}** Courts distinguish not only between civil and criminal contempt, but also between indirect and direct contempt. Direct contempt occurs in the presence of the court. *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988). Direct contempt, whether civil or criminal, may be summarily punished without the need for a hearing. *State v. Local Union 5760, United*

*Steelworkers of Am.*, 172 Ohio St. 75, 79, 173 N.E.2d 331 (1961). Indirect contempt occurs outside the presence of the court. *In re Lands*, 146 Ohio St. 589, 595, 67 N.E.2d 433 (1946). Prior to imposing a punishment for indirect contempt, the contemnor must be afforded certain procedural safeguards, including the filing of a written charge, entry of the matter on the court's journal, an adversary hearing, and an opportunity for legal representation. R.C. 2705.03; *Elias v. Stein*, 120 Ohio App.3d 432, 434, 698 N.E.2d 74 (8th Dist.1997).

**{¶12}** Criminal contempt must be proven beyond a reasonable doubt. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980), syllabus. If the contempt involves violation of a court order, intent to violate the order is an essential element of the criminal contempt and must be proven. *In re Carroll*, 28 Ohio App.3d 6, 10, 501 N.E.2d 1204 (8th Dist.1985). "[I]ntent may be inferred from the circumstances surrounding the crime." *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus.

**{¶13}** Because the state never made a record in this case that could support a finding of guilt beyond a reasonable doubt on all the elements of the contempt charge, the conviction cannot stand. The probable cause hearing cannot be used to show proof beyond a reasonable doubt, because probable cause is a much less rigorous standard than proof beyond a reasonable doubt. *State v. George*, 45 Ohio St.3d 325, 329, 544 N.E.2d 640 (1989). "Probable cause is less than the beyond-a-reasonable-doubt standard required for a conviction and less than the amount of evidence necessary to make a prima facie showing of guilt." *State v. Wilcox*, 177

Ohio App.3d 609, 2008-Ohio-3856, 895 N.E.2d 597, ¶12 (2d Dist.). Appellant also testified on the record that he was already registered for EMHA on November 2, 2010, and thus, could not have intended to be in contempt for failure to register. The record does indicate that Appellant fulfilled his day-reporting requirements, and the state never presented evidence as to how long a time period Appellant had in which to fulfill these requirements. The original judgment entry does not set forth a specific term for Appellant to fulfill the requirement. These are reasonable defenses that are supported by the record, such as it is. It is apparent, however, that the state's case is not supported by the existing record. Therefore, Appellant could not have been convicted of contempt, at least based on the state of this record. Appellant's sole assignment of error in Appeal No. 12 MA 143 is sustained. The contempt conviction and sentence are reversed and the charge dismissed in Appeal No. 12 MA 143. Again, as Appellant has abandoned any claims of error in Appeal No. 12 MA 144, the conviction and sentence in that case are affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.