ADAMS, F.K.A. EPPERLY, APPELLEE, *v.* EPPERLY, APPELLANT.

(No. 12101 — Decided October 30, 1985.)

*Elio Ciccolini,* for appellee.
*Ford L. Noble,* for appellant.

QUILLIN, J.   In this appeal, we must decide whether an alleged contemnor can be tried, convicted, and sentenced in absentia for indirect criminal contempt. We hold that such a conviction is constitutionally infirm and, therefore, vacate appellant's conviction.

Appellee, Drema Sue Adams, filed a motion asking the trial court to hold the appellant, Louis D. Epperly, in contempt for violating previous court orders in a domestic relations matter. Epperly was personally served with a

copy of the motion along with notice of the date the motion would be heard. Epperly did not appear at the hearing. His counsel did appear and objected to proceeding without Epperly. The trial court found Epperly in contempt and sentenced him to ten days in jail. A previously suspended jail term for contempt was also imposed. Epperly appeals.

## Assignment of Error

"In a civil, domestic relations matter, may a party be found in contempt of court, and sentenced to a period of incarceration, over objection of his counsel, when such party is not present in court, is not therefore able to pose a defense and is not in a position to assist his counsel in the presentation of a defense?"

The trial court found Epperly in contempt under R.C. 2705.02 for violating a court order. His acts, having been committed outside the presence of the court, qualify as indirect or constructive contempt. In order to determine Epperly's rights, we must determine whether the contempt was civil or criminal. If the contempt were civil, Epperly was entitled to only those due process rights afforded in a civil action. *Schrader* v. *Huff* (1983), 8 Ohio App. 3d 111. However, if the contempt is determined to be of a criminal nature, then Epperly is entitled to many of the additional rights and constitutional privileges afforded one in a criminal action. *Schrader, supra.*

In *Brown* v. *Executive 200, Inc.* (1980), 64 Ohio St. 2d 250, 253-254 [18 O.O.3d 446], the Ohio Supreme Court stated:

"While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. * * * Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket, * * * since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. * * * Therefore, to determine if the sanctions in the instant cause were criminal or civil in nature, it is necessary to determine the purpose behind each sanction: was it to coerce the appellees to obey the consent judgment decree, or was it to punish them for past violations?" (Citations omitted.)

In this case, Epperly's jail term was unconditional. The trial court's purpose was to punish Epperly. Thus, the proceeding was one for criminal contempt.

Among the rights afforded to both civil and criminal contemnors are notice and an opportunity for a hearing on the matter. *Johnson* v. *Mississippi* (1971), 403 U.S. 212; *In re Oliver* (1948), 333 U.S. 257. The issue before us is whether the criminal contemnor is entitled to only the opportunity to be present or must he actually be present at the hearing. In other words, can the criminal contemnor be tried and sentenced in absentia? In answering this question, the Supreme Court of Texas stated in *Ex parte Johnson* (Tex. 1983), 654 S.W. 2d 415, 421-422:

"The right to be present at trial and confront witnesses is fundamental and essential to a fair trial. *Pointer* v. *Texas,* 380 U.S. 400, 405, 85 S. Ct. 1065, 1068, 13 L. Ed. 2d 923 (1965); *Kirby* v. *United States,* 174 U.S. 47, 55, 19 S. Ct. 574, 577, 43 L. Ed. 890 (1899). * * * It is also protected under the sixth amendment of the United States Constitution against state infringement through the due process clause of the fourteenth amendment. *Pointer* v. *Texas,* 380 U.S. at 413, 85 S. Ct. at 1073.

"We perceive no meaningful distinction between an individual's rights which are at stake in a constructive criminal contempt hearing * * * and those at stake in an ordinary criminal trial where confinement is a possible penal sanction. Accordingly, we hold persons charged with criminal contempt * * * are constitutionally guaranteed the right to be present at trial and confront witnesses.

"Respondents, however, urge that Johnson's failure to appear at the show cause hearing constituted a waiver of any right he had to be present at trial. We do not agree. It is the burden of the moving party, not the accused, to affirmatively demonstrate that a defendant in a criminal proceeding had sufficient notice to appreciate the criminal nature of the proceeding against him and that he has knowingly, intelligently, and voluntarily waived his right to be present and participate at trial. See *Argersinger* v. *Hamlin,* 407 U.S. at 25, 92 S. Ct. at 2006; *Bloom* v. *Illinois,* 391 U.S. at 205, 88 S. Ct. at 1484; *Cooke* v. *United States,* 267 U.S. 517, 537, 45 S. Ct. 390, 395, 69 L. Ed. 767 (1925). Courts, moreover, must exercise due care to ensure the accused is aware of the processes taking place and of his right and obligation to be present. See *Cureton* v. *United States,* 396 F. 2d 671, 676 (D.C. Cir. 1968). This is particularly true in cases of constructive criminal contempt where the alleged contemptuous act has taken place outside the presence of the court.

"In this case, there is no showing in the record that Johnson was even present for commencement of trial. As a result, there could be no affirmative finding by the trial court that Johnson waived his right to be present and participate in trial. * * * Absent such a finding, we cannot presume Johnson knowingly, intelligently, and voluntarily waived his right to be present.

"We do not suggest alleged criminal contemnors may frustrate the ends of justice by intentionally failing to appear at show cause hearings. In view of the record before us, it may well be that Johnson's failure to appear at the show cause hearing constitutes an additional contempt for which he may be tried in addition to any retrial that may be had on the original alleged contempt. * * *

"Accordingly, we hold that where an individual is cited for criminal contempt and fails to appear at the appointed time and place, the proper procedure is to bring the individual into court under a capias or writ of attachment. This requirement imposes no substantial burden on the trial court because persons tried and sentenced in absentia must be arrested and brought before the court sooner or later. The trial court erred in proceeding with the show cause hearing in the absence of Johnson. * * *"

We find the reasoning of the Texas Supreme Court to be persuasive. Therefore, because the record demonstrates that Epperly was not present at the contempt hearing and did not waive his right to be present, the trial court erred in trying and sentencing Epperly in absentia. Thus, the assignment of error is well-taken.

The finding of contempt is vacated and the cause is remanded for further proceedings.

*Judgment vacated and cause remanded.*

GEORGE, P.J., and MAHONEY, J., concur.