[Cite as *Vinson v. Vinson*, 2021-Ohio-1055.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KELLY VINSON

    Appellee

v.

MICHAEL VINSON

    Appellant

C.A. No.    29767

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2004-08-3062

DECISION AND JOURNAL ENTRY

Dated: March 31, 2021

CALLAHAN, Presiding Judge.

{¶1} Appellant, Michael Vinson, appeals an order of the Summit County Court of Common Pleas, Domestic Relations Division, that found him in contempt for failure to pay child support. This Court affirms.

I.

{¶2} Michael and Kelly Vinson divorced in 2005. They had one minor child who was two years old at the time of the divorce. In connection with a shared parenting plan to which the parties agreed, the trial court ordered Mr. Vinson to pay $813.17 per month in child support. On November 11, 2009, the trial court ordered Mr. Vinson to pay child support in the amount of $650 per month, plus a two-percent processing fee, and ordered CSEA to collect $50 per month toward an existing arrearage. On March 7, 2016, CSEA moved to hold Mr. Vinson in contempt for failure to pay his child support obligation. The trial court found Mr. Vinson in contempt and, again, ordered him to pay $50 per month toward the arrearage. On December 22, 2016, the trial court

journalized an order noting that Mr. Vinson had purged that contempt. The trial court modified Mr. Vinson's child support obligation to $514 per month on March 30, 2017.

{¶3} On January 9, 2019, CSEA filed another motion to hold Mr. Vinson in contempt for failure to pay his child support obligation, alleging that he had accumulated an arrearage in the amount of $10,306.15. The proceedings were continued until December 17, 2019, when a hearing was held before the magistrate. Mr. Vinson failed to appear, and a capias for his arrest issued. The hearing was continued to January 21, 2020. Following that hearing, the magistrate found Mr. Vinson in contempt, noting that he had failed to pay his child support obligation of $514 per month, resulting in an arrearage, at the time of the hearing, in excess of $16,000. The magistrate noted that Mr. Vinson stipulated to a finding of contempt and incorporated an agreement between CSEA and Mr. Vinson into the magistrate's decision. Specifically, the magistrate sentenced Mr. Vinson to twenty days in the Summit County Jail, suspended on the condition that he pay child support in the amount of $514 per month effective February 1, 2020. The magistrate scheduled a purge hearing for August 11, 2020. The trial court adopted the magistrate's decision contemporaneously pursuant to Civ.R. 53(D)(4)(e)(i).

{¶4} Mr. Vinson filed an objection to the magistrate's decision. Mr. Vinson also filed a motion to proceed in forma pauperis. The trial court granted the motion and appointed counsel to represent him. Mr. Vinson filed supplemental objections, arguing that the magistrate incorrectly found that he stipulated to the finding of contempt, failed to provide him with notifications that comported with due process, and incorrectly concluded that contempt had been established based on the evidence at the hearing. The trial court overruled Mr. Vinson's objections.

{¶5} Mr. Vinson filed this appeal. His three assignments of error are rearranged for ease of discussion.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT APPELLANT STIPULATED OR ADMITTED TO A FINDING OF CONTEMPT MADE AGAINST HIM.

{¶6}   Mr. Vinson's first assignment of error is that the trial court erred by upholding the magistrate's conclusion that Mr. Vinson stipulated to a finding of contempt. This Court does not agree.

{¶7}   Contempt is established when the movant demonstrates the existence of "'a valid court order, knowledge of the order by the defendant, and a violation of the order.'" *Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 12, quoting *State v. Komadina*, 9th Dist. Lorain No. 03CA008325, 2004-Ohio-4962, ¶ 11. This Court reviews a trial court's finding of contempt for an abuse of discretion. *Morrow v. Becker*, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, ¶ 47, citing *Akin v. Akin*, 9th Dist. Summit Nos. 25524, 25543, 2011-Ohio-2765, ¶ 44, citing *Thomarios v. Thomarios*, 9th Dist. Summit No. 14232, 1990 WL 1777, *2 (Jan. 10, 1990). An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶8}   The contempt proceedings in this case did not progress to a hearing but were resolved by the parties during an in-court negotiation between Mr. Vinson and the CSEA representative. Near the conclusion of the proceedings, the following exchange occurred:

THE COURT: Knowing all that are you prepared to stipulate or admit to contempt today?

MR. VINSON: I don't really admit to contempt, but I will go along with the order as I've discussed. So if that means that you call it contempt, call it what you need to call it.

Mr. Vinson now points to this exchange as evidence that he did not intend to enter into an agreement premised upon a finding of contempt. This argument, however, disregards the balance of the parties' negotiations and the full record of Mr. Vinson's interaction with the trial court.

{¶9} Mr. Vinson agreed with CSEA regarding the amount of child support that he owed, and he acknowledged on the record that CSEA's description of his payment history was accurate. He specifically affirmed that he was not contesting those facts. Indeed, he did not contest them throughout the negotiations. Instead, Mr. Vinson appeared resistant to the idea that his failure to make child support payments should constitute contempt: he questioned the fairness of the underlying order and maintained that Ms. Vinson's adherence to the parenting-time schedule should have had some bearing on his obligation to pay support. Mr. Vinson also questioned why jail time should be used as a sanction, questioning whether it benefitted anyone and characterizing the threat of jail time as "completely self defeating."

{¶10} Viewed in its context, Mr. Vinson's statements did not indicate his unwillingness to resolve the contempt, but his ongoing disagreement with the process itself and his belief that his failure to comply with the support order was justified. The trial court did not abuse its discretion by overruling Mr. Vinson's objection to the contempt finding on this basis.

{¶11} Mr. Vinson's first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT THERE WAS CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS IN CONTEMPT OF COURT.

{¶12}  In his third assignment of error, Mr. Vinson argues that the trial court abused its discretion by finding that he was in contempt based on the evidence in the record.  As noted in this Court's discussion of Mr. Vinson's first assignment of error, the contempt in this case did not proceed to a hearing but was resolved following negotiations between Mr. Vinson and CSEA in the presence of the trial court.  Given this Court's resolution of Mr. Vinson's first assignment of error, his third assignment of error is moot.  *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS WHEN IT FOUND HIM IN CONTEMPT OF COURT.

{¶13}  Mr. Vinson's second assignment of error argues that the trial court erred by finding him in contempt because the information provided to Mr. Vinson by the magistrate did not comport with the requirements of due process.  This Court does not agree.

{¶14}  The threshold consideration with respect to Mr. Vinson's due process argument is the nature of the contempt at issue in this case.  Courts distinguish between civil contempt and criminal contempt based upon the purpose to be served by the sanction imposed.  *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554 (2001).  *See also Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, ¶ 13-15.  The purpose of civil contempt sanctions is "remedial or coercive," and they "are often employed to compel obedience to a court order."  *Russo* at 555, citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966).  Criminal contempt sanctions, on the other hand, are by nature punitive and are intended to vindicate the authority of the court.  *Russo* at 555, citing *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16 (1988).  "Thus, civil contempts are characterized as violations against the party for whose benefit the order was made, whereas criminal contempts are most often described as

offenses against the dignity or process of the court." *Russo* at 555, citing *State v. Kilbane*, 61 Ohio St.2d 201, 204–205 (1980).

{¶15} When a parent faces contempt proceedings arising from failure to pay a child support obligation, the contempt is civil in nature if the sanction is meant to secure compliance with the support order by providing an opportunity to purge. *See Morrow*, 2012-Ohio-3875, at ¶ 48-49, citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253-254 (1980). *See generally Turner v. Rogers*, 564 U.S. 431, 443 (2011) ("Civil contempt proceedings in child support cases constitute one part of a highly complex system designed to assure a noncustodial parent's regular payment of funds typically necessary for the support of his children."). The Due Process Clause requires fewer procedural safeguards in that context than in a criminal case. *Turner* at 442.

{¶16} In a case of civil contempt, the accused is entitled only to the due process guarantees afforded to parties in civil cases. *Petersheim v. Petersheim*, 9th Dist. Wayne No. 16AP0043, 2017-Ohio-8782, ¶ 13, quoting *Doerfler v. Doerfler*, 9th Dist. Wayne No. 06CA0021, 2006-Ohio-6960, ¶ 16. "[D]ue process requires a fundamentally fair proceeding[.]" *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, ¶ 28. Consistent with this requirement, R.C. 2705.03 provides that a charge of contempt "shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard[.]" *See also* R.C. 2705.031 (describing the notice required in a Title IV-D contempt action for failure to pay child support). In addition, R.C. 2705.05(A) provides that a hearing must be held during which "the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge." In other words, an individual accused of

contempt must be provided with notice, an opportunity to be heard, and the opportunity to prepare a defense. *Askin v. Askin*, 10th Dist. Franklin No. 13AP-404, 2013-Ohio-5606, ¶ 10.[1]

{¶17} Mr. Vinson has not challenged the adequacy of his notice or argued that he was denied the opportunity to be heard and to prepare a defense. Instead, he has argued that in addition to those guarantees, the trial court was obligated to conduct a colloquy with him that was akin to that required in a criminal case—namely, to inform him that he had the right to call witnesses and testify in his defense and that his ability to pay his child support obligation was a critical issue in the proceedings. With respect to the first two issues, this Court reiterates that the proceedings at issue involved civil, not criminal, contempt. *See generally Doerfler* at ¶ 18. As such, any additional due process requirements that may have attached to a criminal contempt proceeding were not required. *See id.*

{¶18} Mr. Vinson's remaining argument relates to his ability to pay. Because this case was not resolved solely by an agreement between the parties but rested upon the trial court's ultimate contempt finding and sanction, we cannot conclude that Mr. Vinson waived this argument. Nonetheless, this argument is also misplaced. In support of this argument, Mr. Vinson directs this Court's attention to the United States Supreme Court's decision in *Turner* for the propositions that the magistrate was required to inform him that his ability to pay was a critical issue in the proceeding and to "make an express finding that Mr. Vinson had the ability to pay."

{¶19} In *Turner*, the United States Supreme Court considered a narrow question: whether an indigent individual facing a charge of civil contempt for nonpayment of child support was entitled to court-appointed counsel. *Turner*, 564 U.S. at 435. Recognizing that the case before it

---

[1] These due process protections can be waived. *See D. H. Overmeyer Co., Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 185 (1972). *See generally State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23 (distinguishing waiver and forfeiture).

involved civil, rather than criminal, contempt, the Court emphasized that the Sixth Amendment did not apply to civil cases and that the guarantee of due process required fewer protections in that context. *Id*. at 441-442. The Court held that the Due Process Clause of the Fourteenth Amendment does not require the provision of counsel for indigent defendants in every case. *Id*. at 448. Instead, the Court reasoned, counsel need not be provided "where the opposing parent or other custodian (to whom support funds are owed) is not represented by counsel and the State provides alternative procedural safeguards equivalent to * * * adequate notice of the importance of ability to pay, fair opportunity to present, and to dispute, relevant information, and court findings[]." *Id*. In other words, the Court concluded that when those safeguards are in place, the requirements of due process do not require appointed counsel.

{¶20} Mr. Vinson does not argue that the trial court had an obligation to provide him with counsel but failed to do so. To the contrary, it is apparent from the record that the magistrate informed Mr. Vinson that he *did* have the right to appointed counsel if he could not afford an attorney. Consequently, "the alternative procedural safeguards" referenced in *Turner* did not come into play. *See id.* It is equally apparent from the record that, having been offered counsel if he could not afford to obtain it, Mr. Vinson clearly and unequivocally expressed his intention to proceed pro se. In any event, this Court notes that the magistrate engaged in a thorough discussion of Mr. Vinson's ability to pay during the proceedings, explaining the meaning of the phrase and how it might be proved and emphasizing that by resolving the contempt, Mr. Vinson relinquished the opportunity to do so during a hearing. In the course of the proceedings, Mr. Vinson also acknowledged that he had the ability to make the payments proposed by CSEA during the purge period.

{¶21} The trial court did not err by concluding that Mr. Vinson was afforded due process in connection with his appearance before the magistrate. His second assignment of error is, therefore, overruled.

### III.

{¶22} Mr. Vinson's first and second assignments of error are overruled. His third assignment of error is moot. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
<u>CONCURS.</u>

CARR. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶23} I concur in the judgment but would conclude that Mr. Vinson forfeited the arguments set forth in his second assignment of error. Mr. Vinson stipulated to the contempt finding in this case. In essence, CSEA and Mr. Vinson negotiated a settlement agreement on the record so that Mr. Vinson would have more time to either purge the contempt or reduce the amount of time he would be in jail if he were not able to purge. As such, he cannot argue on appeal that his due process rights were violated or that the trial court did not make a finding regarding his ability to pay.

<u>APPEARANCES:</u>

NEIL P. AGARWAL, Attorney at Law, for Appellant.

DAVID V. HITSMAN, Attorney at Law, for Appellee.

KELLY VINSON, pro se, Appellee.