[Cite as *State v. Hayes*, 2023-Ohio-3453.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30390 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUSAN HAYES | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 18 TRD 16614 |

## DECISION AND JOURNAL ENTRY

Dated: September 27, 2023

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant Susan Hayes appeals the judgment of the Akron Municipal Court. For the reasons that follow, this Court reverses.

I.

**Relevant Background Information**

{¶2} This matter arises from a series of contempt charges issued against Ms. Hayes for failure to appear at various trial court hearings in four different cases, including Case No. 18TRD16614. Over the objection of Ms. Hayes' counsel, the trial court found Ms. Hayes guilty of contempt, with a criminal sanction, without allowing for a hearing where evidence was presented to prove Ms. Hayes' guilt beyond a reasonable doubt.

{¶3} Ms. Hayes now appeals raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN FINDING [MS.] HAYES GUILTY OF CONTEMPT BECAUSE THE COURT DID NOT COMPLY WITH OHIO REVISED CODE 2705, WITH ARTICLE I, SECTIONS 10 AND 14 OF THE OHIO CONSTITUTION, AND WITH THE UNITED STATES CONSTITUTION'S FOURTH, SIXTH, AND FOURTEENTH AMENDMENTS.**

**{¶4}** In her first assignment of error, Ms. Hayes argues the trial court erred in finding her guilty of contempt because "the complaint [for contempt] is unsigned, unsworn, and unfiled[,]" and she was denied due process.

**{¶5}** Pursuant to R.C. 2705.02:

A person guilty of any of the following acts may be punished as for a contempt:

(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer;

(B) Misbehavior of an officer of the court in the performance of official duties, or in official transactions;

(C) A failure to obey a subpoena duly served, or a refusal to be sworn or to answer as a witness, when lawfully required;

(D) The rescue, or attempted rescue, of a person or of property in the custody of an officer by virtue of an order or process of court held by the officer;

(E) A failure upon the part of a person recognized to appear as a witness in a court to appear in compliance with the terms of the person's recognizance;

(F) A failure to comply with an order issued pursuant to section 3109.19 or 3111.81 of the Revised Code;

(G) A failure to obey a subpoena issued by the department of job and family services or a child support enforcement agency pursuant to section 5101.37 of the Revised Code;

(H) A willful failure to submit to genetic testing, or a willful failure to submit a child to genetic testing, as required by an order for genetic testing issued under section 3111.41 of the Revised Code.

Further, pursuant to R.C. 2705.03:

> In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel. This section does not prevent the court from issuing process to bring the accused into court, or from holding him in custody, pending such proceedings.

{¶6}    Moreover, "[w]hat constitutes due process in a contempt proceeding depends to a large extent upon whether the contempt is direct or indirect, and whether it is civil or criminal." *Petersheim v. Petersheim*, 9th Dist. Wayne No. 16AP0043, 2017-Ohio-8782, ¶ 11, quoting *Cincinnati v. Cincinnati Dist. Council 51*, 35 Ohio St.2d 197, 202 (1973). "Direct contempt is disrespectful behavior that occurs in the presence of the court, or near the presence of the court, and disrupts the administration of justice." *Id.*, citing *Forrer v. Buckeye Speedway, Inc.*, 9th Dist. Wayne No. 07CA0027, 2008-Ohio-4770, ¶ 14. "Indirect contempt, on the other hand, occurs outside the presence of the court." *Id.*

{¶7}    "Regardless of whether a particular contempt is direct or indirect, the sanctions imposed based on that contempt may be either criminal or civil." *Petersheim* at ¶ 12, quoting *Forrer* at ¶ 15. "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment." *Petersheim* at ¶ 12, quoting *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253 (1980). "If the primary purpose of the sanction is to punish the defendant for a completed violation of a court's order, it is a criminal sanction. If the primary purpose of the sanction is to benefit the plaintiff, it is a civil sanction." (Internal citations omitted.) *Petersheim* at ¶ 12, quoting *Forrer* at ¶ 15. Indeed, if the contempt sanctions are criminal in nature, the party defending the contempt action "is entitled to the due process protections normally afforded defendants in criminal actions." *Doerfler v. Doerfler*, 9th Dist. Wayne No. 06CA0021, 2006-Ohio-6960, ¶ 16.

{¶8} The record in this matter reveals Ms. Hayes was present in court on May 18, 2022, and pleaded guilty, or no contest, on a number of cases, including Case No. 18TRD16614, for driving under suspension. After the plea hearing, the trial court indicated it would address several contempt of court charges against Ms. Hayes. Ms. Hayes' counsel objected and requested a hearing be scheduled on all of the contempt charges. The trial court denied Ms. Hayes' request for a hearing stating:

> [Y]ou knew about the contempts before today, so I don't have to give a contempt hearing and we're having a contempt hearing today.

Ms. Hayes' counsel further argued the State "has to present the evidence on the contempts." The trial court proceeded to make findings, without the State having to present any evidence, or without the trial court calling any witnesses, that Ms. Hayes failed to appear in court on several dates, in several cases, including the one pertinent to this matter. Ms. Hayes' counsel reiterated the State failed to present any evidence Ms. Hayes failed to appear in court on those dates, and stated: "[t]he [c]ourt cannot be both the trier of fact and the presenter of fact." Ms. Hayes' counsel then asked that the contempt charges be dismissed. The State suggested since the contempt charges were "entered by the trial [c]ourt[,]" it should "entertain the contempts." The trial court stated:

> you were on notice about these contempts, because [Ms. Hayes] had these contempts and these cases are from 2018. So it really, for me, in the interest of justice and fairness and time for the [c]ourt, you know, it doesn't make sense to have a hearing on cases from 2018 when you were already aware that [Ms.] Hayes had those alleged contempts, so the [c]ourt is going to take notice of these contempts of court and I'm going to go ahead and sentence.

Ms. Hayes then spoke, over counsel's admonition to remain silent, and informed the trial court she has "four mental health diagnoses and it's really hard to keep things straight." On the contempt charge related to Case No. 18TRD16614, the trial court found Ms. Hayes guilty and sentenced her

to Summit County Jail for 30 days, suspending 30 days on the condition Ms. Hayes obey all laws for one year and do 30 days of house arrest.

{¶9}    Here, pursuant to R.C. 2705.03, a charge for contempt, in writing, was filed against Ms. Hayes on August 17, 2020, in Case No. 18TRD16614, stating:

> [Ms. Hayes] did in the City of Akron, Summit County, Ohio on the 12th day of August, 2020, [] disobey the lawful order of judge or officer of the [c]ourt of the Akron Municipal Court [] which willful and contemptuous failure to appear did obstruct the due and orderly administration of justice[.][1]

The complaint/warrant was also signed by the trial court. Based upon this record, however, Ms. Hayes was not given notice that a contempt hearing would occur on May 18, 2022, nor was she given the due process protections normally afforded defendants in criminal actions. *See Doerfler* at ¶ 16. As this Court previously stated: "it is certain that in proceedings for criminal contempt the defendant is presumed to be innocent, he [or she] must be proved to be guilty beyond a reasonable doubt, and cannot be compelled to testify against [him or her]self.'" *Petersheim* at ¶ 17, quoting *Forrer* at ¶ 23, quoting *Gompers v. Buck's Stove and Range Co.*, 221 U.S. 418, 444 (1911). "The contemnor also has a right to proper notice of a criminal contempt hearing." *Petersheim* at ¶ 17, citing *Doerfler* at ¶ 18. As conceded by the State, the trial court did not provide Ms. Hayes with these protections. Thus, Ms. Hayes is entitled to a re-hearing on this contempt.

{¶10}  Accordingly, Mr. Hayes' first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN FINDING [MS.] HAYES GUILTY OF CONTEMPT BECAUSE THE EVIDENCE WAS INSUFFICIENT.**

---

[1] We note although none of the boxes were checked on the complaint/warrant, it does indicate Ms. Hayes failed to appear in court on a specific date.

{¶11} In her second assignment of error, Ms. Hayes argues the trial court erred in finding her guilty of contempt because the evidence was insufficient. Specifically, Ms. Hayes indicates "[t]here was no testimony or evidence presented against [Ms.] Hayes to prove beyond a reasonable doubt that she knowingly or intentionally violated the [c]ourt's [o]rder, or what that [o]rder was." Ms. Hayes, in making this argument, did not cite any case law or parts of the record.

{¶12} "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based[.]" App.R. 12. "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5, citing App.R. 16(A)(7). "This Court will not create an argument on the behalf of an appellant." *Id.*, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶13} Pursuant to App.R. 12(A)(2) and App.R. 16(A)(7), this Court declines to review Ms. Hayes' second assignment of error.

{¶14} Accordingly, Ms. Hayes' second assignment of error is overruled.

III.

{¶15} Based upon the foregoing reasons, Ms. Hayes' first assignment of error is sustained. Ms. Hayes' second assignment of error is overruled. The judgment of the Akron Municipal Court is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed,
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

BETTY SUTTON
FOR THE COURT

HENSAL, J.
CONCURS.

FLAGG LANZINGER, J.
DISSENTING.

{¶16} I respectfully dissent from the majority opinion reversing the trial court. The majority opinion erroneously treats a contempt proceeding as if it were a criminal complaint brought by the State. But "[a] contempt proceeding is not an 'action[]' * * * 'by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense.'" *Champaign Cty. Court of Common Pleas v. Fansler*, 2d Dist. Champaign No. 2015-CA-4, 2016-Ohio-228, ¶ 2, quoting R.C. 2307.01. Rather, it is a "'special proceeding' the purpose of which 'is to secure the dignity of the courts and the uninterrupted and

unimpeded administration of justice.'" *Fansler* at ¶ 20, quoting *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16 (1988). Accordingly, contempt is a power exercised by the court, not the State, which is not a party to the contempt proceedings. *See* R.C. 309.08(A); *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, ¶ 16, quoting R.C. 309.08(A) ("R.C. 309.08(A) expressly grants the county prosecuting attorney the authority to 'prosecute, on behalf of the state, all complaints, suits, and controversies in which the state is a party.'").

{¶17} Judges have inherent and statutory contempt powers to prevent the obstruction of the administration of justice. *Malson v. Berger*, 9th Dist. Summit No. 22800, 2005-Ohio-6987, ¶ 7 ("In addition to the statutory basis established by R.C. 2705.02, courts have inherent authority to punish disobedience of their orders through contempt proceedings."). Contempt statutes are "merely cumulative to a court's inherent contempt power * * *." *Cleveland v. Bright*, 8th Dist. Cuyahoga No. 1089890, 2020-Ohio-5180, ¶ 35. Judges must use their contempt powers "to compel obedience of their lawfully issued orders." *Cramer v. Peter*, 70 Ohio St.3d 131, 133 (1994).

{¶18} R.C. 2705.05 sets forth the procedures for contempt. The statute requires the court to conduct a hearing where the court investigates the charge, gives the accused the opportunity to present a defense, and determines whether the accused is guilty of contempt. R.C. 2705.05(A). In this case, the trial court complied with all the requirements to find Ms. Hayes guilty of indirect contempt. The trial court lawfully ordered Ms. Hayes to appear in court for pretrials. After failing to appear at court proceedings, the record indicates that the trial court gave Ms. Hayes notice of the allegation of contempt by warrant service.

{¶19} The trial court then held a hearing during which it addressed the contempt charges. Defense counsel requested a continuance of the hearing, which the trial court denied. At

the hearing, Ms. Hayes–who was represented by an attorney– indicated that she knew the substance of the alleged contempt and wanted to proceed with a hearing. The trial court gave Ms. Hayes the opportunity to present a defense, and Ms. Hayes explained that she failed to appear in court because she has mental health diagnoses and struggles to keep things straight. Notwithstanding Ms. Hayes's explanation, the trial court found Ms. Hayes guilty of contempt on the record, noting that Ms. Hayes did not appear to court on multiple occasions.

{¶20} Based upon the facts and procedure of this case, I would conclude that the trial court properly followed the procedures set forth in R.C. 2705.05 before finding Ms. Hayes guilty of contempt. Accordingly, I respectfully dissent from the majority opinion.

APPEARANCES:

SUSAN MANOFSKY, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellee.