[Cite as *Akron v. Frum*, 2026-Ohio-238.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| CITY OF AKRON | C.A. No.    31455 |
|     Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONALD W. FRUM | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
|     Appellant | CASE No.    24 CRB 05639 |

DECISION AND JOURNAL ENTRY

Dated: January 28, 2026

---

STEVENSON, Judge.

{¶1} Defendant-Appellant Donald Frum appeals from the judgment of the Akron Municipal Court finding him guilty of contempt and sentencing him to 30 days in the Community Alternative Sentencing Center ("CASC"). For the reasons set forth below, we reverse and remand for further proceedings.

I.

{¶2} Mr. Frum was charged with disorderly conduct in violation of Akron Code of Ordinances ("ACO") 132.01(A)(1) and (B)(1), obstructing official business in violation of ACO 136.11, and resisting arrest in violation of ACO 136.13. He pleaded guilty to resisting arrest and the trial court dismissed the remaining charges. On August 5, 2024, the magistrate issued a journal entry reflecting the dismissed charges and finding Mr. Frum guilty of resisting arrest. The magistrate recommended a sentence of six months of probation and that Mr. Frum complete a Summit Link Evaluation. The trial judge never adopted the magistrate's sentencing

recommendation as an order of the court.  However, on the same day as the magistrate's decision, the trial judge issued a "Summit Link Order" directing Mr. Frum to contact Oriana House for an alcohol/drug evaluation and to complete the recommended programs and/or counseling.  Mr. Frum acknowledged the order with his signature.

{¶3}    On September 16, 2024, Oriana House filed a notice with the trial court informing it that Mr. Frum had failed to complete a chemical dependency assessment in violation of the Summit Link Order and that he failed to show for an appointment on September 9, 2024. Probation Officer Emily Smith also sent a memorandum to the trial judge two days later stating that Mr. Frum failed to appear for an appointment with her office and that she had made multiple attempts to reach him without success.  Officer Smith indicated in the memorandum that she was aware that an active warrant had been issued for Mr. Frum's failure to complete the Summit Link Evaluation and that this failure constituted additional noncompliance with the terms of probation.

{¶4}    A complaint for contempt was issued along with a warrant for Mr. Frum's arrest. The complaint alleged that Mr. Frum disobeyed the order of the court by "[f]ailing to abide by terms of probation" and "[f]ailing to complete treatment program."  A hearing was set, but on the day of the hearing, the magistrate issued a journal entry dismissing the contempt charge.  On that same date, the trial court issued another "Summit Link Order" that was verbatim like the one it issued on August 5, 2024, except that it was not acknowledged by Mr. Frum.

{¶5}    On November 21, 2024, Officer Smith submitted a bench warrant request to the trial court, stating for cause that she had made multiple attempts to contact Mr. Frum to no avail; that Mr. Frum had been referred to Community Health Center ("CHC") from his Summit Link Assessment but did not attend any appointments; and that she had exhausted all avenues to give Mr. Frum opportunity to comply with the court's order.   On November 26, 2024, another

complaint for contempt was filed alleging that Mr. Frum "on the 25th day of NOVEMBER[], 2024 . . . disobey[ed] the lawful order . . . of the Court . . . by: . . . [f]ailing to abide by terms of probation[.]" The matter came before the court for hearing in early April 2025.

{¶6} At the hearing, Officer Smith testified that Mr. Frum missed scheduled phone appointments, failed to return phone calls, and failed to follow through with the treatment at CHC that was recommended pursuant to the Summit Link Evaluation. Following the hearing, the trial court found Mr. Frum "guilty of contempt based on [the] credible testimony of [P]robation [O]fficer Smith" and sentenced him to 30 days in the Summit County jail with 30 days suspended and 30 days in CASC.

{¶7} Mr. Frum timely appealed and asserts two assignments of error for our review. We will address Mr. Frum's assignments of error out of order for ease of analysis.

II.

**ASSIGNMENT OF ERROR II.**

**THE RECORD CONTAINS INSUFFICIENT EVIDENCE TO SUSTAIN THE TRIAL COURT'S FINDING FRUM GUILTY OF INDIRECT CRIMINAL CONTEMPT. []**

{¶8} Mr. Frum alleges that the record contains insufficient evidence to establish all the elements of indirect criminal contempt; that is, "a valid court order, knowledge of the order by the defendant, and a violation of the order." *State v. Komadina,* 2004-Ohio-4962, ¶ 11 (9th Dist.). "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St. 3d 259 (1991), paragraph two of the syllabus.

{¶9} The City concedes that Mr. Frum's conviction for contempt is not supported by sufficient evidence because there is no valid court order reflecting that Mr. Frum was ever convicted and sentenced to a term of probation in the first instance. The contempt complaint that gave rise to the hearing only alleges that Mr. Frum "[f]ail[ed] to abide by terms of probation[.]" However, the journal entry issued by the magistrate setting forth the fact of Mr. Frum's conviction and her sentencing recommendation of probation was never adopted as an order of the court. Crim.R. 32(C) requires that a judge sign the judgment of conviction setting forth the fact of conviction and the sentence. Here, the order that is being treated as the trial court's order of conviction and sentencing was not signed by the trial judge. Accordingly, there is no final judgment of conviction sentencing Mr. Frum to probation, and thus, no order for him to comply with any probation requirement. The City concedes error and requests that this Court sustain Mr. Frum's second assignment of error and remand the matter to the trial court for further proceedings.

{¶10} We agree with the City's concession on this issue. Mr. Frum's second assignment of error is sustained and the matter is remanded for the Akron Municipal Court to enter a judgment of acquittal on Mr. Frum's contempt charge.

### ASSIGNMENT OF ERROR I.

**THE TRIAL COURT VIOLATED FRUM'S DUE-PROCESS RIGHT WHEN IT FOUND HIM GUILTY OF INDIRECT CRIMINAL CONTEMPT ON A DIFFERENT BASIS THAN WAS ALLEGED IN THE CONTEMPT COMPLAINT.[]**

{¶11} In this assignment of error Mr. Frum maintains that as the accused in an indirect criminal contempt proceeding, he was entitled to the same due process protections of notice and opportunity to be heard as a defendant in criminal actions. *See State v. Hayes*, 2023-Ohio-3453, ¶ 7 (9th Dist.). Mr. Frum challenges the same order we addressed in the second assignment of error. Based on our resolution of the second assignment of error, this assignment of error is moot.

III.

{¶12} Based on the foregoing, Mr. Frum's second assignment of error is sustained and the judgment of the Akron Municipal Court is reversed and remanded for the Akron Municipal Court to enter a judgment of acquittal on Mr. Frum's contempt charge. Mr. Frum's first assignment of error is moot.

Judgment reversed,
and cause remanded

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

SCOT STEVENSON
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JOSEPH SHELL, Attorney at Law, for Appellant.

DEBORAH S. MATZ, Director of Law, and BRIAN D. BREMER and KIRSTEN L. SMITH, Assistant Directors of Law, for Appellee.